**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

---

| | |
|---|---|
| **KENNETH EARL STEVENSON** | **CIVIL ACTION NO. 05-1705-P** |
| **VERSUS** | **JUDGE HICKS** |
| **FAR WEST INSURANCE COMPANY, ET AL.** | **MAGISTRATE JUDGE HAYES** |

---

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Kenneth Earl Stevenson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on September 27, 2005. Plaintiff is incarcerated at the Bossier Sheriff Correctional Facility in Plain Dealing, Louisiana. He names Far West Insurance Company, Bail Bonds Unlimited, Steve Prator and the Louisiana Department of Insurance as defendants.

Plaintiff claims that on September 1, 2000, he was arrested and charged with two counts of felony theft. He claims that in order to post his bond, he paid Bail Bonds

Unlimited 12 percent of his $10,000 bail. He claims that on January 18, 2002, Judge Eugene Bryson informed him that his bail had been cancelled because Bail Bonds Unlimited had ceased operations and its insurer Far West Insurance Company had filed for bankruptcy.

As relief, Plaintiff seeks the money he paid to Bail Bonds Unlimited with interest.

For the reasons discussed below, Plaintiff's claims have prescribed and should be dismissed with prejudice as frivolous.

**LAW AND ANALYSIS**

In *Wilson v. Garcia*, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined that "§ 1983 claims are best characterized as personal injury actions" and that the forum state's statute of limitations applicable to such claims should be used. Id. at 280. In *Gates v. Spinks*, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." *Gates*, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. *See* La. Civ. Code art. 3492 (West 1985). The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the

action." *Watts v. Graves*, 720 F.2d 1416, 1417 (5th Cir. 1983).

Finally, prescription on the claim is tolled while the administrative remedy procedure is pending. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

Plaintiff claims that on January 18, 2002, his bond posted by Bail Bonds Unlimited was cancelled. Thus, prescription began to run as to these claims in January 2002. The above entitled and numbered complaint was not signed by Plaintiff until September 22, 2005, and it was not filed by the Clerk of Court until September 27, 2005. Plaintiff's claims are therefore prescribed on their face.

Accordingly, Plaintiff's complaint should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding *in forma pauperis* ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. *See* 28 U.S.C. § 1915(e); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. *See Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Neitzke v. Williams*, 490 U.S. 319 (1989). *See also Gartrell v. Gaylor*, 981 F.3d 254, 256 (5th Cir.

1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the Court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were

not objected to by the aforementioned party. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Monroe, Louisiana, on this 2nd day of November 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

CC:SMH